# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| CARL ALLEN a/k/a ARTIE PERKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| VS. | ) | No. 2:17-cv-2125-JDT-cgc |
| | ) | |
| | ) | |
| ARICA HUTCHISON, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER TO MODIFY THE DOCKET,
### GRANTING MOTION TO SUPPLEMENT COMPLAINT,
### PARTIALLY DISMISSING CLAIMS, AND DIRECTING THAT
### PROCESS BE ISSUED AND SERVED ON THE REMAINING DEFENDANTS

On February 23, 2017, Plaintiff Carl Allen a/k/a Artie Perkins,[1] who is incarcerated at the Shelby County Correctional Center in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order on March 10, 2017, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) On November 16, 2018, Allen moved to supplement his complaint. (ECF No. 10.) That motion is GRANTED. All of Allen's claims will be screened together in this order. The Clerk shall record the Defendants as Officer Arica Hutchison; the City of Memphis; Sergeant S.H., IBM

---

[1] Plaintiff has previously included the name "Artie Perkins" in his filings before this Court. *See, e.g.*, *Allen v. Peel, et al.*, 2:13-cv-02399-JDT-dkv (W.D. Tenn.) (ECF No. 1 at PageID 1). The Clerk is DIRECTED to modify the docket to include this alias.

#3686; Officer K. C., IBM #3296; Officer T. Gates; Officer Peggy L. Bracey;[2] and Officer Anthony Alexzander. All of the individual Defendants work for the City of Memphis Police Department (MPD). (ECF No. 1 at PageID 2; ECF No. 10 at PageID 46.)

Allen's claims stem from a burglary that occurred on October 10, 2015, his initially unrelated arrest on November 3, 2015, and two separate indictments that followed. (ECF No. 1 at PageID 2.) Allen states that Defendant Gates and the unknown Officer pulled him over on November 3 but did not give him a reason. (*Id.*) Allen did not present any identification and ran from his car, but he was apprehended by Defendant Alexzander. (*Id.* at PageID 3.) Defendant Bracey later arrived to assist the officers with the arrest and seizure from Allen of cash and jewelry found in his car and a bag later determined to contain marijuana. (*Id.*) Allen was charged with failing to possess proper identification,[3] resisting official detention, evading arrest, and possession of marijuana. (*Id.*) Alexzander prepared a statement of probable cause detailing the basis for these charges. (*Id.* at PageID 3-4.)

Allen was taken to the Shelby County Jail and his car was searched. (*Id.* at PageID 3.) The search allegedly yielded Allen's Tennessee ID and an ID belonging to Reginal M. Ward. (*Id.*) Defendant Hutchison traced the jewelry found in Allen's car to a pawn shop, where the owner allegedly identified Allen from a line-up photograph. (*Id.* at PageID 4.) The MPD subsequently

---

[2] Allen also sues an "Unknown Female Officer." However, service of process cannot be made on an unidentified party. In addition, the filing of a complaint against such an unknown "Jane Doe" defendant does not toll the running of the statute of limitation against that party. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968). The Clerk is DIRECTED to terminate the reference to the Unknown Female Officer defendant on the docket.

[3] Allen is a convicted sex offender and therefore is required always to have in his possession an identification card bearing that sex offender designation. *See* TCA §§ 40-39-213, 55-50-353.

2

concluded that a thumbprint taken from the pawn card detailing Allen's transaction at the pawn shop also matched Allen. (*Id.*) Hutchison later learned that the burglary from October 10 had involved the theft of jewelry. (*Id.* at PageID 5.) Hutchison then prepared a narrative in which he stated that descriptions of the jewelry stolen during the burglary matched the jewelry found in Allen's car. (*Id.* at PageID 5-6.)

On November 11, 2015, Allen was charged with, and arrested for, aggravated burglary, theft of property, forgery, and identity theft. (*Id.* at PageID 6.) Defendants Hutchison, S.H., and K.C. allegedly prepared a statement of probable cause detailing these charges, which was presented to the District Attorney for Shelby County on May 25, 2016. (*Id.* at PageID 8-9.) On July 12, 2016, a Shelby County grand jury returned an indictment against Allen for all but the forgery charge.[4] (*Id.* at PageID 9.) Allen alleges he entered a *nolo contendere* plea to that indictment on October 4, 2018. (ECF No. 8 at PageID 42.)

Allen states that on July 27, 2017, after he had filed his original complaint, he also was indicted for the charges stemming from the traffic stop on November 3, 2015—failing to possess proper identification, evading arrest, and possession of marijuana. (ECF No. 8 at PageID 41.) Allen has notified the Court these charges were dismissed on October 4, 2018. (*Id.*)[5]

---

[4] Allen states the forgery charge was dismissed on February 10, 2016.

[5] The trial-court records that are publicly accessible via the internet are somewhat confusing, and the Court cannot rely on those records to contradict Allen's allegations. Nevertheless, the records seem to show that an indictment in case #C1705767 was issued on August 8, 2017, not July 27, 2017, charging Allen with possession of offender ID required (Tenn. Code Ann. § 40-39-213), evading arrest (*id.* § 39-16-603), possession of a controlled substance (*id.* § 39-17-418), and resisting official detention (*id.* § 39-16-602). *See* https://cjs. shelbycountytn. gov/CJS/ Home/WorkspaceMode?p=0. The records indicate all of those charges were dismissed *nolle prosequi* on October 4, 2018, though Allen states the charge of resisting official detention was dismissed on February 10, 2016. (ECF No. 8 at PageID 41.) The trial-court records further appear to show that a different indictment also was issued on August 8, 2017, case #C1705765, in which Allen was charged with violation of the sex offender registry

3

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

  (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

  (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt

---

law (Tenn. Code Ann. § 40-39-208). The disposition of that charge, on October 4, 2018, appears to have been by guilty plea. *See* https://cjs.shelbycountytn.gov/CJS/Home/WorkspaceMode?p=0.

from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Allen filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

*Original Complaint*

Allen's complaint contains no allegations against Defendant Bracey. The only fact relating to Bracey is that she assisted in apprehending Allen when he ran during the initial traffic stop. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Allen's claims in his original complaint relate only to the first indictment and related charges. He alleges Defendants Hutchison, S.H., and K.C. maliciously prosecuted him by providing false information in the statement of probable cause that led to his arrest, indictment, and eventual plea to the charges of aggravated burglary, theft of property, and identity theft. (ECF No. 1 at PageID 10-12.) Allen also alleges that these three defendants conspired to violate his Fourth Amendment rights when they agreed to "creat[e] and/or present false and/or misleading

5

'probable cause' to influence, participate, and/or aide" the district attorney's decision to indict him. (*Id.* at PageID 13.)

Allen separately alleges that Defendant Hutchison alone, by falsifying information in the statement of probable cause, caused his false arrest and wrongful imprisonment in the Shelby County Jail from November 11, 2015, through February 10, 2016. (*Id.* at PageID 14-17.)

Allen places blame for the malicious prosecution, false arrest, and wrongful imprisonment on the City of Memphis. He asserts that the City "has a custom or policy that allows its police officer to submit 'probable cause' statements" to the district attorney without factual support and that it fails to train its officers properly to avoid problematic probable-cause statements, false arrests, and wrongful imprisonment (*Id.* at PageID 12-13, 16-17.) Allen seeks compensatory and punitive damages for each of his claims and the return of the property seized from him during his November 3 arrest. (*Id.* at PageID 18.)

Allen is barred from relief for any claims related to the statement of probable cause in his first indictment. Allen disclosed to the Court that on October 4, 2018, he pleaded *nolo contendere* to the charges of aggravated burglary, theft of property, and identity theft.[6] (ECF No. 8 at PageID 42.) In the Sixth Circuit, a plea of guilty or *nolo contendere* to charges in state court precludes a later action in federal court asserting that the officers lacked probable cause. *Walker v. Schaeffer*, 854 F.2d 138, 142-43 (6th Cir. 1988); *Nicholson v. City of Westlake*, 20 F. App'x 400, 402 (6th Cir. 2001). Allen has not suggested that the state-court proceedings failed to give him "a full and fair opportunity to litigate the claim." *Fellowship of Christ Church v. Thorburn*,

---

[6] The state court docket shows that Allen pleaded guilty to these charges. Whether he pleaded guilty or *nolo contendere*, however, this Court's determination that he fails to state a claim is the same.

758 F.2d 1140, 1144 (6th Cir. 1985). He therefore is precluding from asserting that the officers lacked probable cause for his arrest, prosecution, or imprisonment.

Moreover, Allen's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Allen's claims call into question the validity of his convictions, which have not been reversed, expunged, declared invalid, or otherwise called into question. Allen's claims therefore are not cognizable under § 1983. *Id.* at 487.

Allen also fails to state a claim against the City of Memphis. When a § 1983 claim is made against a municipality or county, the court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or county is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

A local government such as a municipality or county "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the

policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).

Allen fails at step one: He cannot establish a constitutional violation because, as discussed above, he is precluded from arguing there was a lack of probable cause that led to any violation of his rights. Because he cannot claim Defendants Hutchinson, S.H., or K.C. improperly arrested, imprisoned, or prosecuted him, he also has alleged no constitutional violation for which the City of Memphis could be liable.

*Supplemental Claims*

In his supplemental complaint, filed November 16, 2018, Allen adds Defendant Alexzander to his lawsuit and raises claims against him and Defendant Gates related to his second indictment on the charges that have been dismissed. Similar to the claims in his original complaint, Allen alleges that his arrest, imprisonment, and indictment on the charges of failing to possess proper identification, resisting official detention, and evading arrest were based on a separate, but also falsified, statement of probable cause.[7] (ECF No. 10-1 at PageID 48-49.) Allen blames Defendants Gates and Alexzander, who he says knowingly fabricated information in the statement

---

[7] Allen asserts he was improperly imprisoned on these charges for two months and seven days. (ECF No. 10-1 at PageID 48.) But he was arrested on the charges for which he eventually was convicted on November 11, 2015. (ECF No. 1 at PageID 7.) The longest it could be said he was held on these dismissed charges alone therefore is eight days—the time between his initial arrest on November 3, 2015, and the second arrest on November 11, 2015.

8

of probable cause. The allegedly false information included the assertions that Allen did not have proper identification, that he resisted arrest through use of force, and that he knew or should have known the officers were attempting to arrest him when he ran from his car during the traffic stop. (*Id.* at PageID 48-49, 51, 53-54.)

Allen again claims the City of Memphis is responsible for failing to train Defendants Gates and Alexzander on the laws he allegedly violated and thereby allowed the Defendants to violate his constitutional rights. (*Id.* at PageID 50, 52, 55.) He also blames the City for not supervising the Defendants properly, which he says would include reviewing the officers' reports, records, and documents from his arrest. (*Id.* at PageID 50, 52, 55-56.) Allen states that if the City had reviewed this information, the Defendants' alleged violations of his constitutional rights would have been avoided. (*Id.*)

Some of Allen's supplemental claims are untimely: his claim against Defendants Alexzander and Gates for false arrest and his claim against Alexzander for wrongful imprisonment. The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *see also Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985). The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a)(1)(B). *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). The Sixth Circuit has held that a Fourth Amendment claim based on an allegedly unlawful arrest accrues at the time of arrest. *Fox v. DeSoto*, 489 F.3d 227, 233, 235 (6th Cir. 2007). In the same vein, "a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 389 (2007).

Under *Fox*, Allen's claim for false arrest related to his charges for failure to possess proper identification, resisting official detention, and evading arrest accrued on the date of his arrest for those charges—November 3, 2015. He filed his original complaint naming Defendant Gates, but not Alexzander, more than one year later on February 23, 2017. He filed his supplemental claims against Alexzander even later, on November 16, 2018. The claim for false arrest is therefore untimely. His claim against Alexzander for wrongful imprisonment accrued no later than the date of his arraignment. According to the state-court records, Allen was arraigned on these charges on August 14, 2017. He filed his supplemental complaint, which names Alexzander, more than one year after his arraignment; therefore, the supplemental claim for wrongful imprisonment against Defendant Alexzander also is untimely.[8]

That leaves Allen's claim against Defendant Gates for wrongful imprisonment, his claim against Gates and Alexzander for wrongful indictment, and his claims against the City of Memphis for municipal liability related to his individual claims against Gates and Alexzander.

Allen's claim for wrongful imprisonment against Defendant Gates, assuming it relates back to the original complaint and is timely, fails to state a claim. Allen was arrested on November 3, 2015, and charged with four violations: failure to possess proper identification, resisting official detention, evading arrest, and possession of marijuana. The charge of resisting official detention was dismissed on February 10, 2016. (ECF No. 10-1 at PageID 51.) In his supplemental

---

[8] Allen has not argued that the Court should allow his supplemental complaint to "relate back" to his original complaint for limitations purposes. The Sixth Circuit has held that "relation back of an amendment adding a new *party*"—rather than a new claim or defense against an existing party—is not permitted under Federal Rule of Civil Procedure 15(c). *See Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318-19 (6th Cir. 2010). Allen seeks to add Defendant Alexzander to his original complaint, which references Alexzander but fails to name him as a Defendant or assert against him any claim for relief. Allen's supplemental claims against Alexzander therefore do not relate back to his original complaint.

complaint, Allen contests his imprisonment on the charges of failure to possess proper identification, resisting official detention, and evading arrest. (*Id.* at PageID 48, 51, 53.) But he does not contest the probable cause to imprison (or arrest or indict) him for possession of marijuana.[9]  Therefore, even if he was wrongly held on the contested charges, Allen does not contest that he was validly imprisoned after his arrest for possession of marijuana.

Allen's claim for wrongful indictment is, in effect, a claim of malicious prosecution in violation of the Fourth Amendment. That claim "is 'entirely distinct' from that of false arrest, as the malicious-prosecution tort 'remedies detention accompanied not by absence of legal process, but by *wrongful institution* of legal process.'" *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (quoting *Wallace*, 549 U.S. at 390). As the Sixth Circuit has described, the Fourth Amendment provides a "right to be free from malicious prosecution by a defendant who has 'made, influenced, or participated in the decision to prosecute the plaintiff' by, for example, 'knowingly or recklessly' making false statements that are material to the prosecution either in reports or in affidavits filed to secure warrants." *King v. Harwood*, 852 F.3d 568, 582-83 (6th Cir. 2017) (quoting *Webb v. United States*, 789 F.3d 647, 665 (6th Cir. 2015)). To state a claim under § 1983 for malicious prosecution, the Plaintiff must allege the following:

> (1) a criminal prosecution was initiated against the plaintiff, and the defendant made[,] influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) the plaintiff suffered a deprivation of liberty, as understood under Fourth Amendment jurisprudence, apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor.

---

[9] Allen was charged under Tenn. Code Ann. § 39-17-418, a violation of which is a Class A misdemeanor. Class A misdemeanors in Tennessee carry a potential penalty of up to eleven months' imprisonment. *See id.* § 40-35-111(e)(1).

11

*Id.* at 580 (quoting *Sanders v. Jones*, 845 F.3d 721, 728 (6th Cir. 2017)). Despite the name, a showing of malice is not required, and the claim "might more aptly be called 'unreasonable prosecutorial seizure.'" *Id.* (quoting *Sykes*, 625 F.3d at 310).

Allen alleges that Defendants Gates and Alexzander "created and provided false probable cause to the prosecutor and Shelby Count District Attorney in order to assist in or cause the Plaintiff's Indictment" on the charge of failing to possess proper identification. (ECF No. 10-1 at PageID 49.) He states the Defendants falsely stated that, when he was arrested, he did not have the proper identification in his possession despite knowing that his car had been searched and his necessary identification located "in the center console of his vehicle." (*Id.*) Allen further alleges that Gates and Alexzander falsely asserted in the probable cause statement that he resisted official detention by the use of force despite knowing that he did not do so. (*Id.* at PageID 51.) He also alleges that Gates and Alexzander provided false statements of probable cause to the prosecutor and district attorney related to his charge of evading arrest. (*Id.* at PageID 53-54.) He alleges Gates and Alexzander falsely stated that Allen ran from the officers "while knowing or should have knowing [sic] that they had arrested or were attempting to arrest him." (*Id.* at PageID 54.) Those charges against Allen eventually were dismissed. (*Id.* at PageID 49, 54.) While the allegations are minimal, for the purposes of screening, they suffice to state a claim against Gates and Alexzander for malicious prosecution related to the charges of failure to possess proper identification, resisting official detention, and evading arrest.[10]

---

[10] Allen's allegations are not defeated by the grand jury's indictment. Allen does not allege that Gates and Alexzander themselves delivered the allegedly false information to the grand jury. Instead, he alleges they included false information in the statement of probable cause "to the prosecutor . . . in order to assist in or cause the Plaintiff's Indictment." (ECF No. 10-1 at PageID 49.) These allegations suggest misdeeds "prior to and independent of" the grand jury testimony that "may call into question the presumption of probable cause created by an indictment." *King*, 852 F.3d at 590.

Finally, Allen again fails to state a claim against the City of Memphis. Allen states only that the City has failed to train and supervise Defendants Gates and Alexzander without any supporting facts. These conclusory statements, without more, do not suffice to state a claim to relief. *See Twombly*, 550 U.S. at 555 & n.3.

In conclusion, the Court DISMISSES Allen's original complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). The Court also DISMISSES the supplemental claims for false arrest and wrongful imprisonment claims against Defendants Gates and Alexzander. Process will be issued for Defendants Gates and Alexzander on Allen's malicious prosecution claims related to the charges of failure to possess proper identification, resisting official detention, and evading arrest.

It is ORDERED that the Clerk shall issue process for MPD Officers T. Gates, who worked at the Airways Station in November 2015, and Anthony Alexzander, IBM #1285, and deliver that process to the U.S. Marshal for service. Service shall be made on Defendants Gates and Alexzander pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10) by registered or certified mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

It is further ORDERED that Allen shall serve a copy of every subsequent document he files in this cause on the attorneys for Defendants Gates and Alexzander or on any unrepresented Defendant. Allen shall make a certificate of service on every document filed. Allen shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.[11]

---

[11] A copy of the Local Rules may be obtained from the Clerk or on the Court's website at https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.

Allen shall promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

                s/ **James D. Todd**
               JAMES D. TODD
               UNITED STATES DISTRICT JUDGE