**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **CARL ALLEN, a/k/a** | ) | |
| **ARTIE PERKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **VS.** | ) | **No. 2:17-2125-STA-cgc** |
| | ) | |
| **OFFICER ARICA HUTCHINSON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

---

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**
**AGAINST DEFENDANT OFFICER TAKELLA GATES**
**AND**
**ORDER OF REFERENCE AS TO DAMAGES**

---

Plaintiff Carl Allen has filed a motion for default judgment against Defendant Takella Gates. (ECF No. 49.) The Clerk of the Court has entered default against Defendant Gates. (ECF No. 50.) For the reasons set forth below, the motion is **GRANTED**.

Plaintiff filed his lawsuit on February 23, 2017. Defendant Gates was served with a summons and copy of the complaint on December 2, 2020. However, she did not file an answer or otherwise respond to the complaint. On March 18, 2020, the action was dismissed against both Defendant Gates and Defendant Anthony Alexzander. That decision was reversed, and the matter was remanded to the District Court by the Sixth Circuit Court of Appeals. Plaintiff now seeks a default judgment against Defendant Gates.[1]

---

[1] A third-party subpoena has been issued to the Memphis Police Department in an attempt to locate Defendant Alexander.

To obtain a default judgment against a party pursuant to Rule 55, there must first be an entry of default regarding that party made by the Clerk. Fed. R. Civ. P. 55(a), (b); *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986) ("entry of default is ... the first procedural step on the road to obtaining a default judgment"); *Ramada Franchise Sys., Inc. v. Baroda Enters., LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) ("an entry of default is a prerequisite to a default judgment," such that "a default judgment cannot be granted until a default is entered by the Clerk"); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2682 (4th ed.) ("[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)"). Here, default has been entered against Defendant Gates.

After the Clerk has entered a default, the second step provides that default judgment "may be entered" by either the Clerk or the Court, depending on the circumstances as outlined in Fed. R. Civ. P. 55(b). Even when a defendant is technically in default, the plaintiff is not entitled to a default judgment as a matter of right. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, such a determination is within the court's discretion. *Shoemake v. Mansfield City Sch.*, 2015 WL 13810793, at *4 (N.D. Ohio Apr. 20, 2015)

Because Plaintiff has met the requirements for a default judgment, the Court will exercise its discretion and grant his motion. Accordingly, Plaintiff's motion for a default judgment solely against Defendant Gates is **GRANTED**, and a default judgment will be entered against Defendant Gates.

The matter is hereby **REFERRED** to the Magistrate Judge for a determination as to what damages, if any, should be awarded to Plaintiff against Defendant Gates.

Any objections to the Magistrate Judge's order shall be made within fourteen (14) days after service of the order, setting forth particularly those portions of the order objected to and the reasons for the objections.  Failure to timely assign as error a defect in the Magistrate Judge's order will constitute a waiver of that objection.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:  January 24, 2023